## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SELMA DIVISION

| | | |
|---|---|---|
| **ASIA B. MOHAMMAD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **EDWARD D. DABRIEL, JR., an** | ) | |
| **individual, and RESERVE** | ) | |
| **EQUIPMENT, INC., a** | ) | |
| **corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW ASIA B. MOHAMMAD, Plaintiff in the above-styled civil action, by and through her undersigned counsel of record, and for the relief hereinafter sought, respectfully shows unto this Court as follows:

## Parties

1.      Plaintiff ASIA MOHAMMAD is an individual over the age of nineteen years and a resident citizen of Montgomery County, Alabama. Plaintiff was injured in a crash on March 12, 2025, in Dallas County, Alabama.

2.      Defendant RESERVE EQUIPMENT, INC., is, upon information and belief, a Wyoming corporation with its headquarters and principal place of business at 13310 Hempstead Highway in Houston, Texas 77040.

3.     At the time of the collision forming the basis of this civil action, Defendant RESERVE EQUIPMENT, INC. was operating in and conducting business within the Southern District, Selma Division of the State of Alabama.

4.     On or about March 12, 2025, Defendant RESERVE EQUIPMENT, INC. owned and/or leased, rented, maintained or controlled a 2025 Peterbilt commercial motor vehicle (VIN #1XPCD49X5SD705248) involved in a collision with a vehicle occupied by Plaintiff.

5.     Defendant EDWARD DABRIEL, JR., is, upon information and belief, an adult resident citizen of the State of Texas, who was at all times pertinent to this civil action an employee working for and under the control of Defendant RESERVE EQUIPMENT, INC., and was the operator of the 2025 Peterbilt commercial motor vehicle (VIN #1XPCD49X5SD705248) owned and/or leased, rented, maintained or controlled by Defendant RESERVE EQUIPMENT, INC. on March 12, 2025.

6.     All of the acts and omissions of Defendant EDWARD DABRIEL, JR. alleged in this civil action were acts and omissions that occurred while Defendant EDWARD DABRIEL, JR. was acting within the line and scope of his employment as an employee of Defendant RESERVE EQUIPMENT, INC. and pursuant to Defendant RESERVE EQUIPMENT, INC.'S federal motor carrier authority (DOT No. 794933).

7.     This Complaint is brought against all employees and agents of Defendant RESERVE EQUIPMENT, INC. and against the officers, directors, managerial agents, supervisors and safety personnel for Defendant RESERVE EQUIPMENT, INC. who set policy or who play any role in the policymaking process, or any role in the hiring, training, retention and supervision of the employees of Defendant RESERVE EQUIPMENT, INC.

8.     Defendant RESERVE EQUIPMENT, INC., as a legal entity, can only act through its officers, employees and agents.  As the employer of those who set policies and play any role in the hiring, training, retention and supervision of its employees, Defendant RESERVE EQUIPMENT, INC. is responsible for its tortious acts or omissions that were the direct and proximate cause of ASIA MOHAMMAD's injuries.

## Jurisdiction & Venue

9.     The Plaintiff adopts and incorporates paragraphs one (1) through eight (8) as if fully set out herein.

10.     This civil action is filed pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, this Court has proper subject matter jurisdiction.

11.    On the date forming the basis of this civil action, Defendant EDWARD DABRIEL, JR. was operating a commercial motor vehicle in Dallas County, Alabama, in interstate commerce and within the line and scope of his employment with Defendant RESERVE EQUIPMENT, INC. The incident forming the basis of this lawsuit occurred within the borders of Dallas County, Alabama. Accordingly, this Court has personal jurisdiction over the Defendants.

12.    The United States District Court for the Southern District of Alabama, Selma Division, is the proper venue for this civil action, pursuant to 28 U.S.C. § 1391(b)(2).

## Factual Allegations

13.    The Plaintiff adopts and incorporates paragraphs one (1) through twelve (12) as if fully set out herein.

14.    On or about March 12, 2025, at approximately 4:09 P.M., Plaintiff ASIA MOHAMMAD was operating a private passenger vehicle and stopped at a red light in the eastbound lane of Highland Avenue in Dallas County, Alabama.

15.    At the same time and place, Defendant EDWARD DABRIEL, JR. was operating a commercial motor vehicle, a 2025 Peterbilt commercial motor vehicle (VIN #1XPCD49X5SD705248) owned and/or leased, rented, maintained or controlled by Defendant RESERVE EQUIPMENT, INC., and traveling eastbound on Highland Avenue in Dallas County, Alabama.

16.    At the same time and place, Defendant EDWARD DABRIEL, JR. was employed by and was acting within the line and scope of his employment as a driver working for the commercial benefit of Defendant RESERVE EQUIPMENT, INC. and under RESERVE EQUIPMENT, INC.'s federal motor carrier operating authority.

17.    At the same time and place, Defendant EDWARD DABRIEL, JR. caused his commercial motor vehicle to collide with several vehicles that were stationary at a red light, including the vehicle operated by ASIA MOHAMMAD. Defendant EDWARD DABRIEL, JR. collided with the group of stopped vehicles at high speed and with great force, causing personal injuries to ASIA MOHAMMAD and extensive damage to her vehicle.

18.    As a direct and proximate consequence of the collision described in paragraph eighteen (17), above, Plaintiff ASIA MOHAMMAD was proximately caused to suffer personal injuries and damages.

### Count One
### Negligence/Gross Negligence/Willfulness

19.    The Plaintiff adopts and incorporates paragraphs one (1) through eighteen (18) as if fully set out herein.

20.    At the time of the collision forming the basis of this civil action, Defendant EDWARD DABRIEL, JR. had a duty to refrain from operating a motor vehicle on a public roadway in a negligent, wanton, reckless or willful manner.

21.    Defendant EDWARD DABRIEL, JR., while acting at all times in the line and scope of his employment with Defendant RESERVE EQUIPMENT, INC., breached his duty by negligently, wantonly, recklessly or willfully causing or allowing his commercial motor vehicle to collide at high speed with the stationary vehicle operated by ASIA MOHAMMAD, including, but not limited to, the following conduct:

a.    Following too closely behind the vehicle(s) in front of him;

b.    Failing to ensure that he had adequate line-of-sight of other vehicles and obstructions in his path;

c.    Failing to maintain a proper lookout for warnings, other vehicles and obstructions;

d.    Failing to ensure that he had adequate stopping distance to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

e.    Failing to ensure that he had adequate maneuvering room to avoid colliding with the vehicle in front of him and other vehicles and obstructions in his path;

f.    Failing to maintain proper speed, given the weight of his commercial motor vehicle and his limited stopping and maneuvering distance and line-of-sight;

g.    Driving at an unsafe rate of speed;

h.    Driving while distracted;

i.    Driving while fatigued;

j.    Driving while intoxicated; and/or

      k.     Operating his commercial motor vehicle without adequate training, experience and qualification.

22.    As a direct and proximate consequence of the conduct of Defendant EDWARD DABRIEL, JR., Plaintiff ASIA MOHAMMAD was caused to suffer personal injuries and damages, including but not limited to:

      a.     Plaintiff was caused to suffer injuries to her person that was and is attended by physical pain and suffering;

      b.     Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat her injuries;

      c.     Plaintiff suffered permanent injuries and disfigurement;

      d.     Plaintiff suffered mental anguish and emotional distress;

      e.     Plaintiff suffered past, present, and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ASIA MOHAMMAD requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant EDWARD DABRIEL, JR. for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Two
### *Respondeat Superior*

23.    The Plaintiff adopts and incorporates paragraphs one (1) through twenty-two (22) as if fully set out herein.

24.    At the time and place of the collision forming the basis of this civil action, Defendant RESERVE EQUIPMENT, INC. was the principal, master and/or employer of Defendant EDWARD DABRIEL, JR.

25.    At the time and place of the collision forming the basis of this civil action, Defendant EDWARD DABRIEL, JR. was the agent, servant and/or employee of Defendant RESERVE EQUIPMENT, INC.

26.    At the time and place of the collision forming the basis of this civil action, Defendant EDWARD DABRIEL, JR. was acting within the line and scope of his employment with Defendant RESERVE EQUIPMENT, INC., and was operating a commercial motor vehicle in furtherance of the business purposes of Defendant RESERVE EQUIPMENT, INC.

27.    As a result of the foregoing, Defendant RESERVE EQUIPMENT, INC., as principal, is vicariously liable to Plaintiff ASIA MOHAMMAD for the negligent, wanton, reckless or willful conduct of Defendant EDWARD DABRIEL, JR., as its agent, which proximately caused Plaintiff ASIA MOHAMMAD to suffer personal injuries and damages, including but not limited to:

a.  Plaintiff was caused to suffer injuries to her person that was and is attended by physical pain and suffering;

b.  Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat her injuries;

c.  Plaintiff suffered permanent injuries and disfigurement;

d.  Plaintiff suffered mental anguish and emotional distress;

e.  Plaintiff suffered past, present, and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ASIA MOHAMMAD requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant RESERVE EQUIPMENT, INC. for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## Count Three
## Negligent Hiring, Training, Retention & Supervision

28.  The Plaintiff adopts and incorporates paragraphs one (1) through twenty-seven (27), as if fully set out herein.

29.    At all times relevant to the events forming the basis of this civil action, Defendant RESERVE EQUIPMENT, INC. owed a duty to Plaintiff ASIA MOHAMMAD, and to the other members of the motoring public, to exercise reasonable care in:

        a.      Hiring and retaining its drivers;

        b.      Providing training and instruction to its drivers;

        c.      Properly supervising its drivers;

        d.      Complying with federal, state or local regulations concerning the inspection, maintenance and operations of its commercial motor vehicles;

        e.      Ensuring that its drivers comply with applicable company policies, as well as all federal, state or local regulations concerning the inspection, maintenance and operations of its commercial motor vehicles;

        e.      Establishing safe procedures for the operation of its commercial motor vehicles; and

        f.      Inspecting, maintaining and repairing its commercial motor vehicles.

30.    At all times relevant to the events forming the basis of this civil action, Defendant RESERVE EQUIPMENT, INC. breached the duties set forth above by failing to use reasonable care in its:

        a.      Hiring of its drivers, employees or agents, including Defendant EDWARD DABRIEL, JR.;

        b.      Training of its drivers, employees or agents, including Defendant EDWARD DABRIEL, JR.;

c.      Retention of its drivers, employees or agents, including Defendant EDWARD DABRIEL, JR.;

d.      Supervision of its business operations, by failing to properly monitor the driving habits and records of its drivers, employees or agents in a manner consistent with accepted industry practices, including Defendant EDWARD DABRIEL, JR.;

e.      Instruction of its drivers, employees or agents, including Defendant EDWARD DABRIEL, JR.;

f.      Supervision of its drivers, employees or agents, including Defendant EDWARD DABRIEL, JR.;

g.      Entrustment of a commercial motor vehicle to its drivers, employees or agents, including Defendant EDWARD DABRIEL, JR.;

h.      Inspection of its commercial motor vehicles;

i.      Proper execution of its business practices and procedures;

j.      Proper execution of industry standard business practices and procedures;

k.      Compliance with state and federal regulations;

l.      Enforcement of its drivers', employees' or agents' compliance with state and federal regulations, including Defendant EDWARD DABRIEL, JR.;

m.      Auditing of the logs of its drivers, employees or agents, including Defendant EDWARD DABRIEL, JR.;

n.      Utilization of available information to properly monitor its drivers, employees or agents, including Defendant EDWARD DABRIEL, JR., for compliance with company policies, state regulation and federal regulations; and

o.    Other ways that are as yet unknown, but may be revealed after further investigation and discovery.

31.    As the entity that employed and controlled Defendant EDWARD DABRIEL, JR., Defendant RESERVE EQUIPMENT, INC. failed to take the required actions to assure that he was properly hired, trained, retained and supervised.

32.    As a proximate consequence of Defendant RESERVE EQUIPMENT, INC.'s breaches of the duties described above and specifically related to its negligent hiring, training, retention and supervision of Defendant EDWARD DABRIEL, JR., Plaintiff ASIA MOHAMMAD was caused to suffer personal injuries and damages, including but not limited to:

a.    Plaintiff was caused to suffer injuries to her person that was and is attended by physical pain and suffering;

b.    Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat her injuries;

c.    Plaintiff suffered permanent injuries and disfigurement;

d.    Plaintiff suffered mental anguish and emotional distress;

e.    Plaintiff suffered past, present, and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ASIA MOHAMMAD requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant RESERVE EQUIPMENT, INC. for compensatory damages in an

amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

### Count Four
### Negligence *Per Se*

33.    The Plaintiff adopts and incorporates paragraphs one (1) through thirty-two (32), as if fully set out herein.

34.    Under the Federal Motor Carrier Safety Regulations, Defendant RESERVE EQUIPMENT, INC. owed the general public, including Plaintiff ASIA MOHAMMAD, a duty to determine the qualifications of its employees, including, but not limited to, (a) adequately evaluating applicants before hiring them as truck drivers, and (b) adequately evaluating these persons' performance, including thorough training and supervision, so as to discharge any incompetent or negligent applicant/employee before he injures any member of the motoring public.

35.    Defendant RESERVE EQUIPMENT, INC. had a statutory duty to properly screen its applicants for employment. Under the Federal Motor Carrier Safety Regulations, Defendant RESERVE EQUIPMENT, INC. had numerous statutory duties, including, but not limited to, the following:

a.    To ensure the general qualifications of any driver it permitted to operate one of its commercial motor vehicles. 49 C.F.R. §391.11 & §391.15;

b.    To ensure that a driver it permitted to operate one of its commercial motor vehicles possessed the requisite familiarity with the proper location, distribution and securement of his cargo. 49 C.F.R. §391.13;

c.    To obtain a completed employment application before permitting an applicant to operate one of its commercial motor vehicles. 49 C.F.R. §391.21;

d.    To fully investigate a driver's employment history by all reasonable means. 49 C.F.R. §391.23(d)-(k);

e.    To fully investigate the past three (3) years of a driver's driving history and to document evidence of that investigation within thirty (30) days of employment. 49 C.F.R. §391.23(a)-(c);

f.    To properly conduct an annual inquiry and review of a driver's driving record. 49 C.F.R. §391.25;

g.    To properly obtain records of all violations of motor vehicle traffic laws for each of its drivers every twelve (12) months. 49 C.F.R. §391.27;

h.    To require a successfully completed road test before commencing employment and permitting an applicant to operate one of its commercial motor vehicles. 49 C.F.R. §391.31;

i.    To ensure the physical and medical qualifications of its applicants. 49 C.F.R. §§391.41-391.49;

j.    To maintain an appropriate driver qualification file for each of its drivers. 49 C.F.R. §391.51; and

k.    To maintain an appropriate driver investigation history file for each of its drivers. 49 C.F.R. §391.53.

36.     Defendant RESERVE EQUIPMENT, INC. breached each of these statutory obligations and permitted Defendant EDWARD DABRIEL, JR. to operate its commercial motor vehicles after negligible efforts, if any, to determine whether Defendant EDWARD DABRIEL, JR. was competent and fit to drive commercial motor vehicles.

37.     Defendant RESERVE EQUIPMENT, INC. had a duty to comply with the Federal Motor Carrier Safety Regulations so as to protect the general public, including Plaintiff ASIA MOHAMMAD, from the unsafe operation of commercial motor vehicles hauling cargo in interstate commerce.  ASIA MOHAMMAD belonged to the class of persons that the Federal Motor Carrier Safety Regulations were intended to protect, and the fatal injuries suffered by ASIA MOHAMMAD were the types of injuries that the Federal Motor Carrier Safety Regulations were specifically intended to prevent.

38.     Plaintiff ASIA MOHAMMAD'S injuries were proximately caused by Defendant RESERVE EQUIPMENT, INC.'s breaches of the statutory obligations referenced in Paragraph Thirty-Six (36), above.  If it had properly screened Defendant EDWARD DABRIEL, JR.'s background, Defendant RESERVE EQUIPMENT, INC. would not have hired or retained him as a driver, and this collision would not have occurred. Instead, as a proximate consequence of Defendant RESERVE EQUIPMENT, INC.'s breaches of the duties described

above, Plaintiff ASIA MOHAMMAD was caused to suffer personal injuries and damages, including but not limited to:

    a.    Plaintiff was caused to suffer injuries to her person that was and is attended by physical pain and suffering;

    b.    Plaintiff was caused and will be caused in the future to incur medical expenses in an effort to treat her injuries;

    c.    Plaintiff suffered permanent injuries and disfigurement;

    d.    Plaintiff suffered mental anguish and emotional distress;

    e.    Plaintiff suffered past, present, and future lost earnings and lost earning capacity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff ASIA MOHAMMAD requests that the jury selected to hear this case render a verdict for the Plaintiff and against Defendant RESERVE EQUIPMENT, INC. for compensatory damages in an amount that will adequately compensate the Plaintiff for the injuries and damages sustained due to the Defendant's conduct, and punitive damages in an amount that will adequately reflect the enormity and wrongfulness of the Defendant's conduct and deter similar future conduct. Furthermore, the Plaintiff requests that the Court enter a judgment consistent with the jury's verdict, together with interest from the date of the judgment and the costs incurred in prosecuting this lawsuit.

## <u>THE PLAINTIFF HEREBY DEMANDS A STRUCK JURY FOR THE TRIAL OF THIS CASE.</u>

*/s/ Andrew J. Moak*

Andrew J. Moak
Henry Ben Brown, III
State Bar No.: ASB-3266-N66M
State Bar No.: ASB-7509-T48F
TURNBULL, MOAK & PENDERGRASS, P.C.
2501 20th Place South, Ste. 425
Birmingham, Alabama 35223
P 205.831.5040
F 205.848.6300
E amoak@turnbullfirm.com
E bbrown@turnbullfirm.com
Attorneys for the Plaintiff